[Cite as *DeVore v. Black*, 2021-Ohio-198.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADAM M. DEVORE, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Petitioner | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| WARDEN KENNETH BLACK, WARDEN, RI.C.I., | : | Case No. 2020 CA 0074 |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Writ of Habeas Corpus

JUDGMENT:                                              Dismissed

DATE OF JUDGMENT:                            January 28, 2021

APPEARANCES:

For Petitioner                                            For Respondent

ADAM M. DEVORE, *Pro se*                  WILLIAM H. LAMB, Esq.
A704-923                                                  Assistant Attorney General
1001 Olivesburg Rd.                                Criminal Justice Section
Mansfield, Ohio 44905                            441 Vine Street, 1600 Carew Tower
                                                                 Cincinnati, Ohio 45202

*Baldwin, J.*

{¶1}  On November 30, 2020, Adam M. DeVore filed a Petition for Writ of Habeas Corpus. He requests immediate release from prison. Mr. DeVore asserts his maximum prison term for count two (abduction) expired and count three (domestic violence) is void for lack of subject matter jurisdiction because the alleged offense did not occur on or about the period between January 7, 2017 and January 9, 2017, in Ashland County, Ohio. [Complaint in Habeas Corpus, ¶ 5] The Ohio Attorney General, on behalf of Respondent, Kenneth Black, moved to dismiss Mr. DeVore's petition under Civ.R. 12(B)(6).

{¶2}  The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶ 5.

{¶3}  "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, 137 N.E.3d 71, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4148, 120 N.E.3d 776, ¶ 10. Habeas corpus is not available when an

adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

{¶4} For the following reasons, we grant respondent's Motion to Dismiss. First, Mr. DeVore failed to comply with R.C. 2969.25(A). This statute requires an inmate who commences a civil action or appeal of a civil action against a government entity or employee to file, at the time the action or appeal is commenced, "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

{¶5} The Affidavit of Prior Action filed by Mr. DeVore lists only a writ of habeas corpus that is currently pending in the United State District Court, Northern District of Ohio, Eastern Division. [*Adam M. DeVore v. Harold May, Warden*, Case No. 1:19-cv-2442] However, a check of the Ohio Supreme Court's docket indicates that in 2019, Mr. DeVore also appealed a denial of an Application for Reopening under App.R. 26(B). *See State of Ohio v. Adam M. DeVore*, Ohio Supreme Court Case No. 19-0387. An application for reopening is a collateral, postconviction remedy that is civil in nature. *State v. Terry*, 8th Dist. Cuyahoga No. 100813, 2020-Ohio-3448, ¶ 7, citing *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 8; *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E2d 1157, syllabus.

{¶6} This appeal to the Ohio Supreme Court should have also been included in Mr. DeVore's Affidavit of Prior Action. Failure to include this action justifies dismissal of Mr. DeVore's writ. *See State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶¶ 6-7 (omission of one case from the

affidavit's list of prior civil actions constituted a failure to comply with the statute, justifying dismissal.)

{¶7} Second, Mr. DeVore's writ challenges alleged defects in his indictment. He maintains this Court, in denying relief in his direct appeal, "changed material facts of petitioner's case, holding that the domestic violence offense occurred when the State's victim was 'hit' after leaving a bar. Testimony alleges this alleged 'hit' occurred in 'October' * * * but does not set forth any location. * * * Petitioner was never indicted for this alleged October incident." [Memorandum in Support of Petition for Writ of Habeas Corpus, p. 3]

{¶8} We have reviewed our opinion in Mr. DeVore's direct appeal, *State v. DeVore*, 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189, and find no language indicating the victim was hit when leaving a bar in October. In his response to the Motion to Dismiss, Mr. DeVore indicates the Court should review a February 6, 2019 opinion and not the opinion issued by this Court in October 2018. Mr. DeVore attached the 2019 opinion as Exhibit 3 to his Memorandum in Support of Petition for Writ of Habeas Corpus. Exhibit 3 is part of an opinion issued by a federal court in Case No. 1:19-cv-02442-CAB.

{¶9} We find no language in Exhibit 3 that supports Mr. DeVore's argument. Instead, the portion of the attached opinion addresses allied offenses and prosecutorial misconduct arguments. Therefore, we find no basis upon which to grant habeas relief since it does not appear any court concluded the domestic violence occurred in October and not between January 7, 2017 and January 9, 2017, as alleged in the indictment.

{¶10} Third, the Ohio Supreme Court recently reiterated in *McDougald v. Bowerman*, _____ Ohio St.3d _____, 2020-Ohio-3942, _____ N.E.3d _____ that "claims of an invalid indictment are not cognizable in habeas corpus. *Id.* at ¶ 9, citing *Wooton v.*

*Brunsman*, 112 Ohio St.3d 153, 2006-Ohio-6524, 858 N.E.2d 413, ¶ 7. An inmate has an adequate remedy by way of a direct appeal to challenge the validity of an indictment. *Luna v. Russell*, 70 Ohio St.3d 561, 562, 639 N.E.2d 1168 (1994). Mr. DeVore did not challenge the indictment in his direct appeal and cannot do so now by way of habeas corpus.

{¶11} Finally, Mr. DeVore's maximum sentence has not expired and this serves as another basis to dismiss his petition for habeas corpus. Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998), citing *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). Mr. DeVore is properly serving a sentence for domestic violence. The Ohio Department of Rehabilitation and Correction website indicates Mr. DeVore's maximum sentence will expire on July 7, 2023.[1]  Because Mr. DeVore's maximum sentence has not expired he cannot state a claim for habeas corpus relief.

{¶12} For the reasons set forth above, we grant Respondent's Motion to Dismiss under Civ.R. 12(B)(6). The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

---

[1] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A704923

**{¶13}**　　　MOTION GRANTED.

**{¶14}**　　　CAUSE DISMISSED.

**{¶15}**　　　COSTS TO PETITIONER.

**{¶16}**　　　IT IS SO ORDERED.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.