**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *DeVore v. Black*, **Slip Opinion No. 2021-Ohio-3153.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3153

DEVORE, APPELLANT, *v*. BLACK, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *DeVore v. Black*, Slip Opinion No. 2021-Ohio-3153.]**

*Habeas Corpus—Inmate's claim that he was convicted of an uncharged offense was an attack on the sufficiency of the indictment that is not cognizable in habeas corpus—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2021-0199—Submitted May 11, 2021—Decided September 15, 2021.)

APPEAL from the Court of Appeals for Richland County, No. 2020 CA 0074, 2021-Ohio-198.

_____

**Per Curiam.**

{¶ 1} Appellant, Adam M. DeVore, is incarcerated in the Richland Correctional Institution, where appellee, Kenneth Black, is the warden. DeVore appeals the Fifth District Court of Appeals' judgment dismissing his habeas corpus complaint against Black for failure to comply with R.C. 2969.25(A) and failure to state a cognizable claim for relief in habeas corpus. We affirm.

## I. Background

{¶ 2} In February 2018, DeVore was convicted in the Ashland County Common Pleas Court of abduction and domestic violence and sentenced to consecutive 36-month prison terms. The Fifth District affirmed his convictions. *See State v. DeVore*, 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189, ¶ 108.

{¶ 3} Following the affirmance of his convictions, DeVore filed an application to reopen his appeal under App.R. 26(B). One of DeVore's proposed assignments of error in the application was that abduction and domestic violence are allied offenses of similar import and, therefore, he should not have been sentenced for both. *See* R.C. 2941.25(A). The court of appeals denied DeVore's application, determining that DeVore "committed separate and distinct crimes and the offenses were separated by time and occurred in different locations." The court of appeals therefore held that DeVore's appellate counsel was not ineffective for failing to raise an allied-offenses argument. *See* R.C. 2941.25(B) (a defendant may be convicted of offenses of the same or similar kind if they were committed "separately or with a separate animus as to each").

{¶ 4} On November 30, 2020, DeVore filed a complaint for a writ of habeas corpus in the Fifth District, requesting his immediate release from prison. Citing the "separated by time and occurred in different locations" language included in the court of appeals' judgment denying his App.R. 26(B) application for reopening, DeVore alleged that his conviction for domestic violence was necessarily for conduct that occurred at a time and place different from that alleged in the indictment for the offense. DeVore accordingly argued that his domestic-violence conviction was void and that he is entitled to immediate release because he had already served the full 36-month prison term relating to his abduction conviction.

{¶ 5} Black filed a motion to dismiss DeVore's complaint under Civ.R. 12(B)(6). The court of appeals granted Black's motion and dismissed the complaint. 2021-Ohio-198, ¶ 12. The court of appeals held that DeVore had failed

to comply with R.C. 2969.25(A) and also that his complaint failed to state a cognizable claim for relief in habeas corpus. *Id.* at ¶ 4-6, 8-10.

{¶ 6} DeVore timely appealed to this court as of right.

## II. Analysis

{¶ 7} This court reviews the dismissal of a habeas corpus complaint under Civ.R. 12(B)(6) de novo. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5. Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. For alleged nonjurisdictional errors, habeas corpus is not available when the petitioner has or had an adequate remedy in the ordinary course of the law. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 6.

{¶ 8} The court of appeals was correct to dismiss DeVore's habeas complaint because it failed to state a valid claim for relief. DeVore was convicted of abduction and domestic violence, which were both alleged to have occurred between January 7 and 9, 2017. In his App.R. 26(B) application, DeVore argued that his appellate counsel rendered ineffective assistance by not arguing that those two convictions should have been merged for sentencing purposes. In its judgment denying DeVore's App.R. 26(B) application, the court of appeals referred to evidence of a domestic-violence incident that, DeVore contends, was not the domestic-violence incident charged in the indictment. DeVore therefore claims that he was convicted of an uncharged offense and is consequently entitled to relief in habeas corpus.

{¶ 9} The court of appeals properly rejected this argument. DeVore's theory that he was convicted of an uncharged offense does not present a

jurisdictional defect that may be challenged in an extraordinary action. *See Gunnell v. Lazaroff*, 90 Ohio St.3d 76, 734 N.E.2d 829 (2000). Such an argument is an attack upon the sufficiency of the indictment, which is not cognizable in habeas corpus. *Id.* at 76-77. Moreover, to the extent that there was any potential trial error or sentencing error regarding DeVore's domestic-violence conviction, DeVore had an adequate remedy to address it by way of appeal.

{¶ 10} For the foregoing reasons, the court of appeals properly dismissed DeVore's habeas corpus complaint.

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 11} Because an application to reopen a direct appeal under App.R. 26(B) is not a civil action, the Fifth District Court of Appeals erred in dismissing appellant Adam M. DeVore's habeas corpus complaint for failure to comply with R.C. 2969.25(A). *See* 2021-Ohio-198, ¶ 6, 12. R.C. 2969.25(A), which requires an inmate to file an affidavit of prior civil actions when commencing a civil action against the state, did not require DeVore to list in the affidavit a prior appeal of the denial of his application to reopen. Contrary to the majority's position today, whether an inmate has complied with R.C. 2969.25 is a threshold question that the court must answer before considering the merits of the inmate's claim, and I would not let the court of appeals' error go uncorrected. Nonetheless, DeVore failed to state a claim for relief that is cognizable in habeas corpus, and I therefore concur in the majority's judgment affirming the dismissal of his complaint.

{¶ 12} R.C. 2969.25(A) requires an inmate who "commences a civil action or appeal against a government entity or employee" to "file with the court an

4

affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.21(B)(1)(a) defines the phrase "civil action or appeal against a government entity or employee" to include a "civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court." The General Assembly expressly excluded actions and appeals filed in this court from the definition of "civil action or appeal against a government entity or employee." R.C. 2969.21(B)(2).

{¶ 13} The dismissal of an action for failure to state a claim upon which relief can be granted is a ruling on the merits of the case. *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 15. In contrast, a court's review of an inmate's affidavit of prior civil actions does not involve the merits of the action but only whether the inmate has complied with "the mandatory filing requirements of R.C. 2969.25," *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 5. When an inmate has not satisfied those filing requirements, "the merits of any underlying claims * * * are not properly before [the] court," *Rogers v. Eppinger*, 154 Ohio St.3d 189, 2018-Ohio-4058, 112 N.E.3d 902, ¶ 11, and the " 'failure to comply with [R.C. 2969.25] requires dismissal of [the] inmate's complaint,' " *id.* at ¶ 9, quoting *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4.

{¶ 14} Whether an inmate has complied with R.C. 2969.25, then, is a threshold question that may not be sidestepped to reach the merits of the case. Nor may it be simply ignored, as the majority does today. For this reason, this court should review the court of appeals' determination that DeVore's affidavit of prior actions is insufficient.

{¶ 15} In this case, the court of appeals looked at this court's docket and discovered that DeVore had previously appealed to this court the denial of his

App.R. 26(B) application to reopen his direct appeal. The appellate court noted our caselaw holding that an application to reopen a direct appeal is civil in nature, and it determined that the dismissal of DeVore's habeas complaint was justified because "[the] appeal to the Ohio Supreme Court should have also been included in Mr. DeVore's Affidavit of Prior Action." 2021-Ohio-198 at ¶ 6. In the alternative, the court concluded that the dismissal of the complaint was appropriate also because DeVore had failed to state a claim cognizable in habeas corpus. *Id.* at ¶ 10, 12.

{¶ 16} In concluding that an application to reopen filed in an appellate court is a civil action, the Fifth District reasoned that because an application to reopen affords a civil remedy, it is a "civil action" for the purposes of R.C. 2969.25(A)'s affidavit requirement. *Id.* at ¶ 5-6. The court of appeals assumed that if a matter, remedy, or proceeding is civil in nature, then it must be a "civil action." This hasty generalization—that all proceedings that are civil in nature are civil actions—caused the court of appeals to jump to the conclusion that a person filing an App.R. 26(B) application to reopen commences a civil action for purposes of R.C. 2969.25(A), without ever considering what the term "civil action" actually means.

{¶ 17} This court, however, has long distinguished between civil actions and other civil proceedings. As we wrote in *In re Wyckoff's Estate*:

> We think it can accurately be said that the term, "civil action," as used in our statutes embraces those actions which, prior to the adoption of the Code of Civil Procedure in 1853 abolishing the distinction between actions at law and suits in equity, were denoted as actions at law or suits in equity; and that other court proceedings of a civil nature come, generally at least, within the classification of special proceedings.

166 Ohio St. 354, 357, 142 N.E.2d 660 (1957).

**{¶ 18}** We have adhered to that understanding in more recent decisions. *E.g.*, *Polikoff v. Adam*, 67 Ohio St.3d 100, 107, 616 N.E.2d 213 (1993) ("we ask first whether shareholder derivative suits were recognized in equity, at common law, or established by special legislation" in determining whether they are civil actions or special proceedings); *Stevens v. Ackman*, 91 Ohio St.3d 182, 186-189, 743 N.E.2d 901 (2001) (following *Wyckoff's Estate* and *Polikoff*). Ohio's statutory law also recognizes this distinction between "actions" and special proceedings (and provisional remedies). *See* R.C. 2505.02(A) and (B).

**{¶ 19}** An "action," we have said, is a court proceeding " ' "by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving process and pleadings, and ending in a judgment." ' " *Stevens* at 187, quoting *Polikoff* at 104, quoting *Missionary Soc. of Methodist Episcopal Church v. Ely*, 56 Ohio St. 405, 407, 47 N.E. 537 (1897). The General Assembly rephrased and codified our definition of "action" in section 11237 of the General Code, and the definition is retained in R.C. 2307.01: "An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

**{¶ 20}** An App.R. 26(B) application for reopening is not a "civil action," as we have traditionally understood that term. Its remedy did not exist at common law or in equity. Rather, the remedy was established by this court in 1992 in *State v. Murnahan*, when we held that a claim of ineffective assistance of appellate counsel may be asserted by filing a timely or delayed application for reconsideration in the court of appeals (under the Rules of Appellate Procedure) and by filing a direct or delayed appeal in this court (under our Rules of Practice). 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), paragraphs two and three of the syllabus. App.R. 26(B) was adopted the following year in response to *Murnahan* to provide for an application

to reopen a direct appeal. *See State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 13 ("App.R. 26(B) emanates directly from *Murnahan*"). The rulemaking powers conferred on this court by the Ohio Constitution, however, do not extend to creating new forms of civil actions. Article IV, Section 5(B), Ohio Constitution ("The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right"); *see also Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, 178, 707 N.E.2d 853 (1999) ("violation of the Disciplinary Rules does not, in itself, create a private cause of action").

{¶ 21} Nor does an App.R. 26(B) proceeding fit within the common-law and statutory definition of "action." It does not involve the service of a summons and the filing of pleadings; rather, it provides for the submission of only the application to reopen and a memorandum in opposition. *See* App.R. 26(B)(4). And "application" is another word for a motion, and it is not synonymous with the word "pleading." *See* Civ.R. 7(A) and (B) (distinguishing between a pleading and a motion, the latter of which is an "application to the court"); *Black's Law Dictionary* 124 (11th Ed.2019) (defining the word "application" as "motion"). The applicant does not "prosecute" another party in seeking to reopen the appeal. .

{¶ 22} Further, a decision on the application does not result in a civil judgment, because the appellate court initially enters only an order granting or denying reopening. *See* App.R. 26(B)(6). And after an App.R. 26(B) application is granted, "the case shall proceed as on an initial appeal in accordance with [the Rules of Appellate Procedure]." App.R. 26(B)(7). If the applicant later establishes that he or she received ineffective assistance of appellate counsel, then the appellate court is required to "vacate its prior judgment and enter the appropriate judgment," App.R. 26(B)(9), which might include the reversal of the judgment of conviction. Because the case proceeds as an appellate proceeding that has the ultimate result of the appellate court's reviewing a trial-court judgment, it is not a civil action within

the meaning of R.C. 2969.25(A)—the statute itself expressly distinguishes between a "civil action" and an "appeal of a civil action."

{¶ 23} The majority ignores the court of appeals' error and leaves standing its conclusion that an application to reopen is a civil action. This error will not be easily cabined and has consequences not intended by the General Assembly. The affidavit requirement of R.C. 2969.25(A) applies to "[a] civil action that an inmate commences against the state * * *." R.C. 2969.21(B)(1)(a). The state of Ohio is the adversarial party in an App.R. 26(B) proceeding. *See* App.R. 26(B)(3) (requiring the clerk of the court of appeals to serve a copy of the application for reopening on the attorney for the prosecution); *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 23 ("The General Assembly has implemented an adversarial system of criminal justice in which the parties to a case contest the issues before a court of law, and it has vested county prosecuting attorneys with the authority to represent the state in those proceedings"). An App.R. 26(B) application to reopen, then, following the court of appeals' reasoning, would be a civil action against the state subjecting an inmate to the requirements of R.C. 2969.25.

{¶ 24} Not only does that mean that an inmate would be required to list an application for reopening in the affidavit mandated by R.C. 2969.25(A) when commencing a civil action against the state or a political subdivision, but also, the logical consequence of the court of appeals' holding is that an inmate must also submit an affidavit of prior civil actions at the time that he or she files an application for reopening in the court of appeals. That requirement is not included in App.R. 26(B), and I am not aware of any appellate court that treats applications to reopen as civil actions subject to the affidavit requirement of R.C. 2969.25(A). Yet, "[c]ompliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, at ¶ 3. Therefore, in the Fifth District, at least, an application to reopen lacking a compliant affidavit may be summarily denied without any court considering the

merits of the inmate's claim of ineffective assistance of appellate counsel. That result is contrary to "our recognition of effective appellate counsel as a constitutional right guaranteed to all defendants." *Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, at ¶ 27.

{¶ 25} The fallout from leaving the court of appeals' erroneous holding in place as good law is not limited to inmates seeking to vindicate their rights to the effective assistance of appellate counsel. The court's reasoning applies equally to other proceedings that are civil in nature in which the state or a political subdivision is the party opposing an inmate. For example, we have recognized that a postconviction-relief proceeding is a civil, collateral attack on a judgment of conviction, *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 49, and we have said that the App.R. 26(B) procedure "bears a strong resemblance" to the process for postconviction relief, *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 12. In fact, using reasoning similar to the Fifth District's in this case, the Tenth District Court of Appeals has held that an inmate's "omission of his appeals of the judgments denying his postconviction motions subjected his action to dismissal." *State ex rel. McGlown v. Mohr*, 10th Dist. Franklin No. 14AP-478, 2015-Ohio-1554, ¶ 9. And it will not require much imagination for a prosecutor to seek the dismissal of a petition for postconviction relief on the basis that the inmate who filed it failed to also file an affidavit listing his or her prior civil actions. .

{¶ 26} "Our rulings should not promote such a " ' "gotcha" principle of law.' " *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, ¶ 51 (Kennedy, J., concurring in judgment only), quoting *People v. Whipple*, 97 N.Y.2d 1, 7, 734 N.Y.S.2d 549, 760 N.E.2d 337 (2001). The term "civil action" should be accorded its established meaning, and that meaning is not synonymous with *any* proceeding that happens to be civil in nature. Because an application for reopening filed pursuant to App.R. 26(B) is not a civil action within the meaning of

R.C. 2969.25(A), I would reject the court of appeals' erroneous holding that DeVore's habeas corpus complaint was subject to dismissal because he failed to include his App.R. 26(B) application in his affidavit of prior civil actions.

{¶ 27} Nonetheless, I agree with the majority that DeVore has failed to state a claim that is cognizable in habeas corpus. However, because the majority's decision today leaves the court of appeals' erroneous holding in place, I concur only in the majority's judgment affirming the Fifth District's judgment dismissing the complaint.

_____

Adam M. DeVore, pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____