[Cite as *State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-47.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani Ware, | : | |
| Relator, | : | No. 23AP-18 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on January 9, 2024

**On brief:** *Kimani E. Ware*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, Kimani E. Ware, filed this original action on January 10, 2023, seeking a writ of mandamus to compel respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to respond to his public records request made pursuant to R.C. 149.43(B). This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. On February 6, 2023, ODRC filed a motion to dismiss for failing to adhere to the filing requirements of R.C. 2969.25(A).

{¶ 2} The magistrate considered the matter and issued a decision, appended hereto, recommending that we dismiss relator's action because relator failed to include *State v. Ware*, Lucas C.P. No. CR-2003-11-3491, 2018 Ohio Misc. LEXIS 6377 (July 18,

2018) and its appeal on his R.C. 2969.25 affidavit. More specifically, the magistrate concluded the post-conviction motions seeking public records filed in the foregoing case were required to be included in Ware's affidavit, and because they were omitted, the affidavit was deficient for this reason.

{¶ 3} Ware filed timely objections to the magistrate's decision on April 18, 2023. Because he has filed objections, we must make an independent review of the record "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Having reviewed the record and the magistrate's decision pertaining to same and finding no error in his determinations of the facts, we agree with the magistrate that the matter should be dismissed, but for a different reason than that found by the magistrate.

{¶ 4} R.C. 2969.25(A) states: "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶ 5} The Supreme Court of Ohio has consistently held that R.C. 2969.25 requires strict compliance. *State ex rel. Ware v. Walsh,* 159 Ohio St.3d 120, 2020-Ohio-769, ¶ 2,

citing *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6; *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).  Nothing in R.C. 2969.25 permits substantial compliance.  *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002 Ohio App. LEXIS 1568 *3 (Apr. 9, 2002).  Rather, " '[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' "  *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5; *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9.  Nor can failure to comply with R.C. 2969.25 be cured at a later date.  *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9; *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 12.  Failure to strictly comply with the requirements of R.C. 2969.25 deprives the court of jurisdiction over the matter.  *See Armengau* at ¶ 13.

**{¶ 6}**    A review of Ware's affidavit submitted pursuant to R.C. 2969.25 shows he has listed two cases that are deficient in the required information.  The first of these is *State ex rel. Ware v. Rhodes*, 10th Dist. No. 22AP-59, 2023-Ohio-2400, for which Ware identifies the type of action as an "original action in mandamus" but fails to describe the nature of the action.  This court has held that an R.C. 2969.25(A) affidavit that merely stated that the case was an "original action in mandamus," "does not actually describe the *nature* of the action," and is not a sufficient description of the civil action, subjecting the matter to dismissal. (Emphasis sic.)  *State ex rel. Parker Bey v. Ohio Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 10, *aff'd*, 166 Ohio St.3d 497, 2022-Ohio-236; *State ex rel. Kimbro v. Glavas*, 97 Ohio St.3d 197, 2002-Ohio-5808.

**{¶ 7}**    The second case is *State ex rel. Ware v. Byrd*, 8th Dist. No. 110865, 2022-Ohio-1175.  Ware was sanctioned double court costs in this case, yet he did not include the required information regarding "the date of the final order affirming the dismissal or award."  R.C. 2969.25(A)(4).  Dismissal is proper if an affidavit "does not provide any

information describing the outcome of the actions as required under R.C. 2969.25(A)(4)." *State ex rel. Ware v. Walsh*, 159 Ohio St.3d 120, 2020-Ohio-769, ¶ 3.

**{¶ 8}** After conducting a review of the magistrate's decision and an independent review of the record, we find the magistrate has set forth correct findings of fact, but we reject the conclusions of law. Ware failed to strictly comply with the affidavit requirements of R.C. 2969.25(A), and this warrants dismissal of the action. Accordingly, there is no need to address whether a postconviction motion for public records is required to be included in a R.C. 2969.25(A) affidavit.

**{¶ 9}** Accordingly, we overrule Ware's fourth objection and find his first, second, and third objections moot, adopt the magistrate's findings of fact, but reject the magistrate's conclusions of law. Substituting our own legal analysis set forth above, we find that Ware's R.C. 2969.25(A) affidavit is deficient, and grant ODRC's motion to dismiss. Ware's petition for writ of mandamus is hereby dismissed.

*Relator's fourth objection overruled;*
*relator's first, second, and third objection are moot;*
*respondent's motion to dismiss granted;*
*action dismissed.*

DORRIAN and BOGGS, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani Ware, | : | |
| Relator, | : | |
| v. | : | No.  23AP-18 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

MAGISTRATE'S  DECISION

Rendered on March 16, 2023

*Kimani Ware*, pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 10} Relator, Kimani Ware, an inmate in the custody of respondent, the Ohio Department of Rehabilitation and Correction ("ODRC"), commenced this original action seeking a writ of mandamus ordering ODRC to provide relator with certain contracts requested by relator pursuant to his public records request under R.C. 149.43(B)(1). ODRC has filed a motion to dismiss relator's complaint for failure to comply with the filing requirements of R.C. 2969.25(A).

Findings of Fact:

{¶ 11} 1. At the time of the filing of his complaint, relator was an inmate incarcerated at Richland Correctional Institution.

{¶ 12} 2. ODRC is a public office responsible for, among other things, operating the Ohio prison system.

{¶ 13} 3. According to relator's complaint, on October 4, 2021, relator sent a public records request by certified mail to ODRC, requesting a copy of the contract between ODRC and Global Link telephone company, a company that provides telephone services to ODRC inmates. The request also asked for the receipts for commissions paid for services to ODRC from January 1, 2019, through January 1, 2021. ODRC signed the certified mail receipt but did not respond to his public requests request.

{¶ 14} 4. According to relator's complaint, on November 15, 2021, relator mailed by regular U.S. Mail a letter to ODRC regarding his October 4, 2021, public records request. ODRC did not respond to the letter.

{¶ 15} 5. According to relator's complaint, on December 6, 2021, relator mailed by regular U.S. Mail a second letter to ODRC regarding his October 4, 2021, public records request. ODRC did not respond to the letter.

{¶ 16} 6. On January 10, 2023, relator filed the current petition for writ of mandamus in this court, seeking a writ of mandamus ordering ODRC to provide relator with the contract information requested by relator on October 4, 2021, pursuant to his public records request under R.C. 149.43(B)(1).

{¶ 17} 7. On February 6, 2023, ODRC filed a motion to dismiss relator's complaint based upon his failure to comply with R.C. 2969.25(A).

{¶ 18} 8. On February 21, 2023, relator filed a reply to ODRC's motion to dismiss.

Conclusions of Law:

{¶ 19} The magistrate recommends this court grant ODRC's motion to dismiss relator's petition for writ of mandamus.

{¶ 20} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment

on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.

{¶ 21} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC* at ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 22} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 23} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file

with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25 (A)(1) through (4).

{¶ 24} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 25} In the present case, ODRC contends relator did not comply with R.C. 2969.25(A) in two respects: (1) relator failed to comply with R.C. 2969.25(A) because his descriptions of prior actions do not include all of the required information; and (2) relator omitted *State v. Ware*, Lucas C.P. No. CR-2003-11-3491, 2018 Ohio Misc. LEXIS

6377 (July 18, 2018), wherein relator sought public records as part of his post-conviction relief, and such actions are subject to R.C. 2969.25, citing *DeVore v. Black*, 166 Ohio St.3d 311, 2021-Ohio-3153 ("*DeVore*").

{¶ 26} With regard to the first argument, ODRC asserts that relator failed to comply with R.C. 2969.25(A) because the listed cases do not comply with the requirements of that section. ODRC's argument takes a shotgun approach, citing case law relevant to each of the requirements in R.C. 2969.25(A)(1 through 4) but failing to correlate them with any specific deficiencies in relator's affidavit.

{¶ 27} The magistrate's review of the list of prior civil actions and appeals reveals that, although relator's condensed format in listing and describing the prior actions makes the list somewhat difficult to read, relator appears to have included all of the information required by R.C. 2969.25(A)(1 through 4) for each of the stated prior civil actions and appeals. Absent some specific argument pointing to a particular deficiency in the long list, the magistrate finds the affidavit complies with R.C. 2969.25(A). Therefore, this argument is without merit.

{¶ 28} ODRC's second argument, that relator omitted *Ware* in his affidavit of prior civil actions, raises a thorny legal issue. In *Ware*, relator in the present case filed a "Motion for Access to Court Records Pursuant to Sup.R. 44 through 47" and a "Motion for Access to Public Records Under R.C. 149.43(G)" in his closed criminal case. *Id*. The trial court found that relator brought these postconviction motions as public-records requests pursuant to R.C. 149.43(B)(8), and denied the motions. Upon appeal in *State v. Ware*, 9th Dist. No. 29133, 2020-Ohio-3542 ("*Ware* appeal"), the appellate court overruled relator's assignments of error.

{¶ 29} So the question now before the magistrate is: Are relator's "Motion for Access to Court Records Pursuant to Sup.R. 44 through 47" and "Motion for Access to Public Records Under R.C. 149.43(G)" filed in *Ware*, and the subsequent appeal of the denial of those motions in the *Ware* appeal, the type of "civil action" and appeal of a civil action that are required to be included in an R.C. 2969.25(A) affidavit?

{¶ 30} ODRC cites *DeVore* to support its proposition that relator here sought public records as part of his postconviction relief motions in *Ware*, and these postconviction motions are "civil actions" that must be included in an affidavit of prior civil actions

pursuant to R.C. 2969.25. In *DeVore*, the court of appeals denied the appellant's application to reopen his appeal, determining that his appellate counsel was not ineffective for failing to raise an allied-offenses argument. *See DeVore v. Black*, 5th Dist. No. 2020 CA 0074, 2021-Ohio-198. The appellant appealed to the Supreme Court of Ohio. Thereafter, the appellant filed a complaint for a writ of habeas corpus in the appellate court. The court of appeals granted the appellee's motion to dismiss, holding that the appellant had failed to comply with R.C. 2969.25(A) and also that his complaint failed to state a cognizable claim for relief in habeas corpus. With regard to R.C. 2969.25(A), the appellate court held that the appellant's affidavit of prior actions should have included the appeal of the denial of his application for reopening, because an application for reopening is a "civil action" for purposes of the statute. The appellate court reasoned that an application to reopen filed in an appellate court is a civil action because an application to reopen is civil in nature and affords a civil remedy.

**{¶ 31}** Upon appeal to the Supreme Court of Ohio, that court held in *DeVore* that the court of appeals was correct to dismiss the appellant's habeas complaint because it failed to state a valid claim for relief. However, the court did not first address whether the appellant failed to comply with R.C. 2969.25(A).

**{¶ 32}** Concurring in judgment only, Justice Kennedy wrote that because an application to reopen a direct appeal under App.R. 26(B) is not a civil action, the appellate court erred in dismissing appellant's complaint for failure to comply with R.C. 2969.25(A). Justice Kennedy found that contrary to the majority's position, whether an inmate has complied with R.C. 2969.25 is a threshold question that the court must answer before considering the merits of the inmate's claim, and she would not let the court of appeals' error go uncorrected. Furthermore, Justice Kennedy found that the court of appeals assumed incorrectly that if a matter, remedy, or proceeding is civil in nature, then it must be a "civil action" under R.C. 2969.25. Justice Kennedy explained that this "hasty generalization—that all proceedings that are civil in nature are civil actions—caused the court of appeals to jump to the conclusion that a person filing an App.R. 26(B) application to reopen commences a civil action for purposes of R.C. 2969.25(A), without ever considering what the term 'civil action' actually means." *DeVore* at ¶ 16.

{¶ 33} Justice Kennedy went on to further explain that a "civil action" (1) embraces those actions that, prior to the adoption of the Code of Civil Procedure in 1853 abolishing the distinction between actions at law and suits in equity, were denoted as actions at law or suits in equity, and other court proceedings of a civil nature come, generally at least, within the classification of special proceedings; and (2) is defined by R.C. 2307.01 as an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense. Thus, Justice Kennedy concluded: (1) an App.R. 26(B) application for reopening is not a "civil action," as traditionally understood because: (a) its remedy did not exist at common law or in equity, but, rather, was established by the court in 1992 by case law and adopted the next year by App.R. 26(B); (b) an App.R. 26(B) proceeding does not fit within the common-law and statutory definition of "action," as it does not involve the service of a summons and the filing of pleadings; rather, it provides for the submission of only the application to reopen and a memorandum in opposition; (c) "application" is another word for a motion, and it is not synonymous with the word "pleading"; (d) the applicant does not "prosecute" another party in seeking to reopen the appeal; (e) a decision on the application does not result in a civil judgment; (f) the appellate court initially enters only an order granting or denying reopening; and (g) the case proceeds as an appellate proceeding that has the ultimate result of the appellate court's reviewing a trial-court judgment. Thus, Justice Kennedy opined, an App.R. 26(B) proceeding is not a civil action within the meaning of R.C. 2969.25(A). *Id*. at ¶ 22.

{¶ 34} Justice Kennedy found that the majority ignored the court of appeals' error and left standing its conclusion that an application to reopen is a civil action against the state subjecting an inmate to the requirements of R.C. 2969.25. Justice Kennedy continued that the logical consequence of the court of appeals' holding is that an inmate must also submit an affidavit of prior civil actions at the time that he or she files an application for reopening in the court of appeals, which is not a requirement included in App.R. 26(B) and is not treated as such by any courts of appeals. Justice Kennedy further explained that the fallout from leaving the court of appeals' erroneous holding in place as good law is the application of this rule to other proceedings that are civil in nature in which the state or a political subdivision is the party opposing an inmate; for example, a postconviction-relief

proceeding, citing this court's holding in *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9. Justice Kennedy expressed concern that "it will not require much imagination for a prosecutor to seek the dismissal of a petition for postconviction relief on the basis that the inmate who filed it failed to also file an affidavit listing his or her prior civil actions." *DeVore* at ¶ 25. Justice Kennedy urged that the term "civil action" should be accorded its established meaning, and that meaning is not synonymous with any proceeding that happens to be civil in nature.

{¶ 35} It is clear that the majority in *DeVore* failed to directly address the application of R.C. 2969.25. However, by doing so, as Justice Kennedy acknowledged, the majority left standing as good law the court of appeals' finding with respect to R.C. 2969.25. In addition, as Justice Kennedy mentioned, this court in *McGlown* concluded that a relator's omission of appeals of judgments denying postconviction motions from an R.C. 2969.25 affidavit subjects the mandamus action to dismissal. This court ruled the same in *State ex rel. Jones v. McIntosh*, 10th Dist. No. 22AP-269, 2023-Ohio-496 (finding relator failed to include in his affidavit an appellate case affirming the denial of a successive motion for postconviction relief; and relator also failed to include the associated case names, case numbers, court names, and party names for the postconviction motions listed in his affidavit; therefore, his affidavit did not comply with R.C. 2969.25(A)). In addition, it has been held that a defendant's postconviction public-records request is civil in nature. *See Ferrero v. Staats*, 5th Dist. No. 2018CA00016, 2018-Ohio-3235, ¶ 13 (finding that the trial court correctly found postconviction public-records requests are civil in nature for purposes of the vexatious-litigator statute).

{¶ 36} In the present case, based upon *DeVore*, *McGlown*, and *Jones*, the magistrate finds that relator's failure to list *Ware* and the *Ware* appeal in his R.C. 2969.25(A) affidavit requires dismissal of his petition for writ of mandamus.

{¶ 37} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant ODRC's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).