NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1518

THE STATE OF OHIO, APPELLEE, *v.* HENTON, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Henton,* Slip Opinion No. 2016-Ohio-1518.]

*Mandamus—Court of appeals' dismissal of petition for failure to attach affidavit of prior actions affirmed.*

(No. 2015-0055—Submitted November 17, 2015—Decided April 14, 2016.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2014-A-0045, 2014-Ohio-5311.

_____

**Per Curiam.**

{¶ 1} Appellant, W.D. Henton, appeals from the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of mandamus. For the reason set forth below, we affirm.

*Relevant Background*

{¶ 2} In 2014, Henton filed a pleading in the Eleventh District Court of Appeals captioned "Eighth Admendment [sic] Violation," seeking an order

compelling the Ashtabula County Jail to send medical records pertaining to treatment he received while he was there to the correctional institution where he is currently incarcerated. The court of appeals construed Henton's pleading as a petition for a writ of mandamus and then dismissed his case for three reasons: (1) the caption of the petition failed to include the names and addresses of all the parties, as required by Civ.R. 10(A), (2) Henton failed to comply with R.C. 2731.04, which prescribes the form of an application for a writ of mandamus, and (3) he failed to attach to his petition the affidavit of prior actions required by R.C. 2969.25(A).

*Analysis*

**{¶ 3}** We affirm the appellate court's judgment dismissing Henton's mandamus petition because he failed to attach the affidavit of prior actions required by R.C. 2969.25(A). R.C. 2969.25(A) applies to civil actions filed by inmates against "a government entity or employee" and requires that the inmate "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal. *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1.

**{¶ 4}** Henton did not file an affidavit in compliance with R.C. 2969.25(A), either contemporaneously with the filing of his pleading captioned "Eighth Admendment [sic] Violation" or at any time thereafter. That Henton is a pro se litigant does not excuse him from strict compliance with the applicable statutory rule. *See State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1. Thus, dismissal of Henton's petition was warranted on this basis.

{¶ 5} The court of appeals did not err by dismissing Henton's mandamus petition, because he failed to comply with the mandatory filing requirements of R.C. 2969.25. We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

W.D. Henton, pro se.

Michael DeWine, Ohio Attorney General, and Caitlyn A. Nestleroth, Assistant Attorney General, for appellee.

_____