[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sanchez v. Wainwright*, Slip Opinion No. 2021-Ohio-747.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-747

THE STATE EX REL. SANCHEZ, APPELLANT, *v*. WAINWRIGHT, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sanchez v. Wainwright*, Slip Opinion No. 2021-Ohio-747.]

*Habeas corpus—R.C. 2969.25—Compliance with R.C. 2969.25(A) is mandatory, and failure to comply with the statute warrants dismissal of the complaint— Court of appeals' judgment of dismissal affirmed.*

(No. 2020-0994—Submitted January 26, 2021—Decided March 16, 2021.)

APPEAL from the Court of Appeals for Marion County, No. 9-20-13.

_____

**Per Curiam.**

{¶ 1} Appellant, Jesse Sanchez, an inmate at the Marion Correctional Institution, appeals the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus.  We affirm.

*Background*

{¶ **2**} In August 2016, Sanchez pleaded guilty to four counts of trafficking in cocaine and one count of engaging in a pattern of corrupt activity. With respect to three of the cocaine-trafficking counts, the trial court imposed prison sentences of eight years, to be served concurrently with each other and with the six-year prison sentence imposed for the engaging-in-a-pattern-of-corrupt-activity count. The trial court sentenced Sanchez to a prison term of six years for the other cocaine-trafficking count, to be served consecutively to the other sentences, for an aggregate prison sentence of 14 years.

{¶ **3**} On April 24, 2020, Sanchez filed a petition for a writ of habeas corpus in the Third District Court of Appeals. Sanchez alleged that his sentences were void because the trial court failed to make the statutorily required findings under R.C. 2929.14(C)(4) before imposing consecutive prison sentences.

{¶ **4**} In July 2020, the court of appeals granted the motion to dismiss of appellee, Warden Lyneal Wainwright, for two reasons. First, the court held that the petition failed to satisfy the requirements of R.C. 2969.25. And second, the court held that the petition failed to state a claim cognizable in habeas corpus, because habeas corpus is not the proper vehicle by which to raise sentencing errors.

{¶ **5**} Sanchez appealed to this court.

*Legal analysis*

{¶ **6**} R.C. 2969.25(A) requires an inmate who commences "a civil action or appeal" against a governmental entity or employee to file an affidavit containing "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include (1) a brief description of the nature of the civil action or appeal, (2) the case name, case number, and court in which the civil action or appeal was brought, (3) the name of each party to the civil action or appeal, and (4) the outcome of the civil action or appeal. R.C. 2969.25(A). "Compliance with R.C. 2969.25(A) is

mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3.

{¶ 7} Sanchez did not attach an affidavit of his prior civil actions or appeals to his petition. He did not address that defect in his memorandum opposing Wainwright's motion to dismiss, nor does he discuss it in his merit brief before this court.

{¶ 8} The court of appeals correctly dismissed Sanchez's habeas petition for failure to comply with R.C. 2969.25(A). Because we agree with that disposition, it is unnecessary for us to consider whether the substance of the petition states a claim cognizable in habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Jesse Sanchez, pro se.

Dave Yost, Attorney General, and Daniel J. Benoit, Assistant Attorney General, for appellee.

————————————