[Cite as *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2023-Ohio-4107.]

STATE OF OHIO            )
                         )ss:
COUNTY OF SUMMIT         )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO EX REL. DANTE' D.
GORDON

    Relator

    v.

SUMMIT COUNTY COURT OF
COMMON PLEAS, ET AL.

    Respondents

C.A. Nos. 30825
          30826
          30829

ORIGINAL ACTION IN
MANDAMUS, PROCEDENDO,
AND PROHIBITION

Dated:  November 15, 2023

PER CURIAM.

{¶1}    Relator, Dante' D. Gordon, has petitioned this Court for writs of mandamus, procedendo, and prohibition.  Respondents, Summit County Common Pleas Court and two common pleas court judges, have moved to dismiss.  Because Mr. Gordon did not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2}    Mr. Gordon previously filed the same three cases in *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, Summit App Nos. 30730, 30731, and 30732.  This Court dismissed those cases because Mr. Gordon failed to comply with the mandatory filing requirements of R.C. 2969.25.  *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 9th Dist. Summit Nos. 30730, 30731, and 30732, 2023-Ohio-2465, ¶ 1.

{¶3}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  The Summit County Court of Common Pleas is

a government entity, both judges are government employees, and Mr. Gordon, incarcerated in the Belmont Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶4} Mr. Gordon failed to comply with R.C. 2969.25(A). That section requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. For each action or appeal, the affidavit must contain specific information:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶5} Mr. Gordon filed an affidavit of prior civil actions along with his complaint. In his three-page affidavit, he included 11 numbered paragraphs. Some of those paragraphs included references to multiple civil actions or appeals. About two weeks after the complaints and affidavits were filed, Mr. Gordon moved to strike the affidavit or prior civil actions he had filed

to be replaced by corrected versions attached to his motion.  That motion is denied for two reasons.  First, an inmate must comply with the requirements of R.C. 2969.25 at the time of filing and later filings are not permitted to correct deficiencies.  *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4.  Second, even if we could consider the "corrected" affidavits, they still fail to comply with the requirements of R.C. 2969.25(A).

{¶6}  A review of Mr. Gordon's affidavit demonstrates that it is deficient.  The affidavit did not include the case name for any of the cases or appeals.  The affidavit included the case numbers for several cases, but omits it from others.  The court in which the action was filed is named for most, but not all, of the cases.

{¶7}  "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action."  *State ex rel. Woods v. Jenkins*, Slip Opinion No. 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3.  As we noted in our prior decision, the Supreme Court has concluded that an affidavit was deficient because it did not name the parties or reveal the outcomes of the cases.  *Gordon*, 2023-Ohio-2465, ¶ 7, citing *Westerfield v. Bracy*, Slip Opinion No. 2023-Ohio-499, ¶ 8.  Strict compliance with the language of the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal.  *Id*.  A deficient affidavit requires dismissal of the action.  *Id.*

{¶8}  Mr. Gordon's affidavit failed to include information that, pursuant to R.C. 2969.25(A), must be included.  Because Mr. Gordon's affidavit did not comply with the mandatory requirements of the statute, the case must be dismissed.

{¶9}  Mr. Gordon also failed to comply with R.C. 2969.25(C).  An inmate seeking the waiver of filing fees, as Mr. Gordon is here, must file an affidavit of indigency.  The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account

of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). Mr. Gordon filed an affidavit of indigency. He attached to that affidavit an Inmate Demand Statement. That Statement, however, is not certified by the institutional cashier. The Supreme Court has held that an action must be dismissed if the statement of the inmate account filed by the petitioner was not certified by the institutional cashier. *Grinnell v. Cool*, Slip Opinion No. 2023-Ohio-3672, ¶ 7. Likewise, Mr. Gordon's statement is not certified and, accordingly this Court must dismiss these actions.

{¶10} The cases are dismissed. Costs taxed to Mr. Gordon. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

SUTTON, P.J.
STEVENSON, J.
CONCUR.

APPEARANCES:

DANTE D. GORDON, Pro Se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondents.