[Cite as *State ex rel. Folley v. Grafton Corr. Inst.*, 2023-Ohio-4464.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE EX REL. DEREK FOLLEY

    Relator

    v.

GRAFTON CORRECTIONAL
INSTITUTION, ET AL.

    Respondents

C.A. No. 23CA012040

ORIGINAL ACTION IN
MANDAMUS

Dated: December 11, 2023

---

PER CURIAM.

**{¶1}** Relator, Derek Folley, has petitioned this Court for a writ of mandamus. Two of the three respondents, Grafton Correctional Institution and Lieutenant Benjamin Currier, have moved to dismiss pursuant to Civ.R. 12(B)(6). Because Mr. Folley did not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The Respondents are a government entity and two government employees, and Mr. Folley, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of

R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}     Mr. Folley failed to comply with R.C. 2969.25(A).  That section requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  For each action or appeal, the affidavit must contain specific information:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶4}   Mr. Folley filed a document captioned "The Relator's O.R.C. 2969.25 Affidavit of Inmate Prior Action" along with his complaint.  The document was not an affidavit, however, as it failed to include any of the requirements of an affidavit; Mr. Folley did not swear to the truth of the information and it was not signed under oath.  Further, rather than listing the information required by R.C. 2969.25(A)(1) through (4), Mr. Folley attached a printout of search results from an unknown source listing some of his cases along with the cover page of a document from those cases.  This "affidavit of inmate prior action" does not comply with the requirements of R.C. 2969.25(A)(1).

**{¶5}** Mr. Folley apparently recognized that his affidavit failed to comply. One month after this filing, Mr. Folley filed a document captioned "Nunc Pro Tunc of The Relator's O.R.C. 2969.25 Affidavit of Inmate Prior Action." This document contains a list of significantly more cases and it is notarized. A few days later, Mr. Folley filed a "Second Amendment" to his list of prior actions.

**{¶6}** Even if these documents complied with R.C. 2969.25(A), Mr. Folley filed them too late. An inmate must comply with the requirements of R.C. 2969.25 at the time of filing and later filings are not permitted to correct deficiencies. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4.

**{¶7}** "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, Slip Opinion No. 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3. Strict compliance with the language of the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal. *Id.* A deficient affidavit requires dismissal of the action. *Id.*

**{¶8}** Mr. Folley's affidavit failed to include information that, pursuant to R.C. 2969.25(A), must be included. Because Mr. Folley's affidavit did not comply with the mandatory requirements of the statute, the case must be dismissed.

**{¶9}** This case is dismissed. Costs taxed to Mr. Folley. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

DEREK FOLLEY, Pro Se, Relator.

DAVE YOST, Ohio Attorney General, and MATTHEW P. CONVERY and GEORGE HORVATH, Senior Assistant Attorneys General, for Respondents.