[Cite as *State ex rel. Parker v. Akron Police Dept.*, 2024-Ohio-2887.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. VINCENT
ALAN PARKER

    Relator

    v.

AKRON POLICE DEPARTMENT

    Respondent

C.A. No. 31155

ORIGINAL ACTION IN
MANDAMUS

Dated: July 31, 2024

PER CURIAM.

{¶1} Relator, Vincent Alan Parker, has petitioned this Court for a writ of mandamus to order respondent, Akron Police Department, to provide him with public records he requested. Respondent filed an answer asserting that it had responded to his request and, among other things, that Mr. Parker's affidavit of prior civil actions was deficient. Because Mr. Parker did not comply with the mandatory requirements of R.C. 2969.25(A), this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The Akron Police Department is a government entity, and Mr. Parker, incarcerated in the Richland Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay*

*Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} R.C. 2969.25(A) contains mandatory requirements that an inmate must comply with. That section requires an inmate, at the time the inmate commences a civil action against a government entity, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. For each action or appeal, the affidavit must contain specific information:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1)-(4).

{¶4} Mr. Parker filed an affidavit of prior civil actions along with his complaint. In his affidavit, he included some, but not all, of the required information. Specifically, the affidavit failed to include the party names for every case. For example, in the first case, the affidavit only provided the case name, so it is unclear who was named as the respondent. In the second case, the affidavit again included only the case name. This time, the affidavit included the full name for the respondent, but noted "et al" as part of the case name, without indicating who the other parties to the case were. The failure to identify the party continues in other cases listed in the affidavit, including the fifth, seventh, eighth, tenth, and twelfth cases. Upon review of the

affidavit, it is apparent that it does not comply with the mandatory requirements of R.C. 2969.25(A).

{¶5} "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3. This Court recently held that an affidavit's failure to comply with R.C. 2969.25(A) by providing incomplete information constituted a deficiency warranting dismissal of the action. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2023-Ohio-4107, ¶ 6. Strict compliance with the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal. *Id.* A deficient affidavit requires dismissal of the action. *Id.*

{¶6} Mr. Parker's affidavit failed to include information that must be included, pursuant to R.C. 2969.25(A). Because Mr. Parker failed to comply with the mandatory requirements of R.C. 2969.25(A), this case is dismissed.

{¶7} Costs taxed to Mr. Parker. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

VINCENT ALAN PARKER, Pro Se, Relator.

DEBORAH S. MATZ, Director of Law, and JACQUENETTE S. CORGAN, Assistant
Director of Law, for Respondent.