[Cite as *State ex rel. Clay v. Galonski*, 2024-Ohio-2985.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. MICHAEL CLAY

    Relator

    v.

TAVIA GALONSKI, CLERK OF COURT, ET AL.

    Respondents

C.A. No. 31018

ORIGINAL ACTION IN MANDAMUS

Dated: August 7, 2024

---

PER CURIAM.

**{¶1}** Relator, Michael Clay, has petitioned this Court for a writ of mandamus. Mr. Clay named Sandra Kurt in his complaint, but Tavia Galonski currently serves as the Summit County Clerk of Courts, and she is substituted pursuant to Civ.R. 25. Respondents, Ms. Galonski and the Summit County Clerk of Courts, have moved to dismiss. Because Mr. Clay did not comply with the mandatory requirements of R.C. 2969.25(A), this Court must dismiss this action.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Ms. Galonski is a government employee, the Clerk's Office is a government entity, and Mr. Clay, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C.

2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}    Mr. Clay filed an affidavit of prior civil actions, as required by R.C. 2969.25.  The affidavit, however, did not include the case names, as required by R.C. 2969.25(A).  That section requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  For each action or appeal, the affidavit must contain specific information:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶4}    Mr. Clay filed an affidavit of prior civil actions along with his complaint.  In his affidavit, he included most, but not all, of the required information.  Specifically, he failed to include the case name for the cases he listed in his affidavit.  Respondents argued this deficiency in their motion to dismiss.  Mr. Clay filed a response to the motion to dismiss in which he disputed his failure to comply with R.C. 2969.25(A).  Notably, however, in his response, when addressing his compliance with R.C. 2969.25(A)(2), he wrote only that he provided the case number and

court in which the action was brought. He did not include the case name in his affidavit, as argued by Respondents and apparently conceded by Mr. Clay.

{¶5} Mr. Clay's affidavit was deficient. "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3. This Court recently held that an affidavit's failure to list the name of a case constituted a deficiency warranting dismissal of the action. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2023-Ohio-4107, ¶ 6 (9th Dist.). Strict compliance with the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal. *Id*. A deficient affidavit requires dismissal of the action. *Id.*

{¶6} Mr. Clay's affidavit failed to include information that must be included, pursuant to R.C. 2969.25(A). Because Mr. Clay failed to comply with the mandatory requirements of R.C. 2969.25(A), this case is dismissed.

{¶7} Costs taxed to Mr. Clay. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

---

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL CLAY, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondents.