[Cite as *State ex rel. Townsend v. Spatny*, 2024-Ohio-5149.]

STATE OF OHIO       )
      )ss:
COUNTY OF LORAIN       )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO EX REL. ALBERT
TOWNSEND, SR.

     Relator

     v.

JERRY SPATNY, WARDEN

     Respondent

C.A. No. 24CA012164

ORIGINAL ACTION IN HABEAS
CORPUS

Dated: October 28, 2024

PER CURIAM.

{¶1} Relator, Albert Townsend, Sr., has petitioned this Court for a writ of habeas corpus asking this Court to order Respondent, Jerry Spatny, Warden of the Grafton Correctional Institution, to release him from prison. Respondent has moved to dismiss. Because Mr. Townsend failed to comply with the mandatory requirements of R.C. 2969.25, this case must be dismissed.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Spatny is a government employee, and Mr. Townsend, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}    Mr. Townsend filed an affidavit of prior civil actions, as required by R.C. 2969.25. The affidavit, however, did not comply with R.C. 2969.25(A).  That section requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  For each action or appeal, the affidavit must contain specific information:

> (1) A brief description of the nature of the civil action or appeal;

> (2) The case name, case number, and the court in which the civil action or appeal was brought;

> (3) The name of each party to the civil action or appeal;

> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶4}    Mr. Townsend filed an affidavit of prior civil actions along with his petition.  In his affidavit, however, he did not include all of the required information.  Specifically, he failed to include the case name for the cases he listed in his affidavit.  R.C. 2969.25(A)(2).  He also failed to include the name of each party to the listed civil actions or appeals.  R.C. 2969.25(A)(3).

{¶5}    Mr. Townsend's affidavit was deficient.  "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action."  *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3.  This Court has held that an affidavit's failure to list the name of a case constituted a deficiency warranting dismissal of the action.  *State ex rel. Clay v. Galonski*, 2024-Ohio-2985, ¶ 5 (9th Dist.); *State ex rel. Gordon*

*v. Summit Cty. Court of Common Pleas*, 2023-Ohio-4107, ¶ 6 (9th Dist.). Strict compliance with the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal. *Id.* A deficient affidavit requires dismissal of the action. *Id.*

{¶6} Mr. Townsend's affidavit failed to include information that must be included, pursuant to R.C. 2969.25(A). Because Mr. Townsend failed to comply with the mandatory requirements of R.C. 2969.25(A), this case is dismissed.

{¶7} Costs taxed to Mr. Townsend. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

BETTY SUTTON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ALBERT TOWNSEND, SR., Pro Se, Petitioner.

DAVE YOST, Attorney General, and STEPHANIE L. WATSON, Principal Assistant Attorney General, for Respondent.