[Cite as *Karmasu v. Summit Cty. Domestic Relations Court*, 2025-Ohio-1526.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MAHARATHAH KARMASU

    Relator

    v.

SUMMIT COUNTY COURT OF
COMMON PLEAS

    Respondent

C.A. No.    31215

ORIGINAL ACTION IN MANDAMUS

Dated:  April 30, 2025

PER CURIAM.

**{¶1}**  Relator, Maharathah Karmasu, has filed a complaint seeking a writ of mandamus directed to the Summit County Court of Common Pleas.  Respondent has moved to dismiss, pursuant to Civ.R. 12(B)(6).  Mr. Karmasu replied in opposition and also filed two additional responses.  For the following reasons, we grant the motion to dismiss.

**{¶2}**  When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party.  *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).  A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested.  *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.  With this standard in mind, we consider Mr. Karmasu's complaint.

{¶3} The complaint alleges that an attorney in a case pending in the common pleas court has not properly served filings. The complaint named the Summit County Court of Common Pleas as the only respondent. It asks this Court to order the Common Pleas Court to review all filings made by the attorney, to strike and not rule on those filings that do not contain proper proof of service, and to put measures in place to prevent further filings with improper service.

{¶4} The Summit County Court of Common Pleas moved to dismiss. The motion asserted a number of reasons why the case must be dismissed, including that the Common Pleas Court respondent was not sui juris. We focus on this argument because it is dispositive.

{¶5} The Common Pleas Court argued that it, the only named respondent, is not sui juris and, therefore, dismissal is required. Mr. Karmasu responded in opposition. He summarily rejected the Common Pleas Court's sui juris argument. Mr. Karmasu contended that a recent Ohio Supreme Court decision, *State ex rel. Ogle v. Hocking Cty. Common Pleas Court,* 2023-Ohio-3534, supports his conclusion that the Common Pleas Court is the proper respondent. Mr. Karmasu did not move to amend his complaint to name a specific respondent.

{¶6} The complaint sought a writ of mandamus against the Summit County Court of Common Pleas. The Ohio Supreme Court has held repeatedly that courts are not sui juris. *See, e.g., State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973); *Page v. Geauga Cnty. Prob. & Juvenile Court*, 2023-Ohio-2491, ¶ 3. This Court has reached the same conclusion in cases similar to this one. *See, e.g., Pamboukis v. Summit Cnty. Domestic Relations Court*, 2023-Ohio-4507 (9th Dist.). Although Mr. Karmasu cited to *Ogle* in support of his position that the sui juris argument should be rejected, the respondents in that case included a named judge. Further, the Supreme Court did not consider the sui juris defense.

**{¶7}** As the Ohio Supreme Court and this Court have both held, a court cannot be sued in its own right. Because the complaint named only the Summit County Court of Common Pleas as a respondent, and the Common Pleas Court cannot be sued in its own right, this Court must grant the motion to dismiss.

**{¶8}** The case is dismissed. Costs of this action are taxed to Mr. Karmasu. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

 

BETTY SUTTON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MAHARATHAH KARMASU, Relator.

ELLIOTT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.