**[Cite as *State ex rel. Wright v. Callahan*, 2025-Ohio-2762.]**

STATE OF OHIO            )
                         )ss:
COUNTY OF SUMMIT     )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO EX REL. RAMON J. WRIGHT, SR.

     Relator

     v.

HONORABLE LYNNE S. CALLAHAN

     Respondent

C.A. No. 31313

ORIGINAL ACTION IN MANDAMUS AND PROHIBITION

Dated: August 6, 2025

PER CURIAM.

{¶1} Relator, Ramon J. Wright, Sr., has petitioned this Court for writs of mandamus and prohibition. The Summit County Respondents[1] moved to dismiss. Mr. Wright did not respond in opposition. Because Mr. Wright did not comply with the mandatory requirements of R.C. 2969.25(A), this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The Summit County Respondents include a former government employee sued in her official capacity; the judge presiding over Mr. Wright's case, a current government employee; and the Summit County Common Pleas Court, a government

---

[1] Former Judge Callahan is named as respondent in this case, but the complaint seeks relief from the judge presiding over Mr. Wright's criminal case. The complaint also seeks relief from the Summit County Court of Common Pleas. These will be collectively referred to as the Summit County Respondents.

entity. R.C. 2969.21(C). Mr. Wright, incarcerated in the Richland Correctional Institution, is an inmate. R.C. 2969.21(D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} Mr. Wright filed an affidavit of prior civil actions, as required by R.C. 2969.25. The affidavit listed a number of cases that appeared to include the information required by R.C. 2969.25(A). That section requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. For each action or appeal, the affidavit must contain specific information:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶4} As already noted, Mr. Wright filed an affidavit of prior civil actions with his complaint. In his affidavit, he listed two federal cases, one Ohio Supreme Court case, and one Common Pleas Court case. The Summit County Respondents argued in their motion to dismiss

that there were several errors or omissions in the affidavit. For example, in the Ohio Supreme Court case, Mr. Wright named the wrong respondent in his affidavit. Further, the affidavit failed to include the appeal of the case that was filed in common pleas court, an appeal of a civil action that was filed within five years of the filing of this action. Mr. Wright moved for an extension of time to respond to the motion to dismiss, which this Court granted. Mr. Wright, however, did not respond to the motion.

{¶5} Mr. Wright's affidavit was deficient. It misidentified a party in one case and completely omitted another case. "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3. The Supreme Court has held that an affidavit that lists some, but not all, prior cases does not comply with R.C. 2969.25(A). *Westerfield v. Bracy*, 2023-Ohio-499, ¶ 9. Strict compliance with the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal. A deficient affidavit requires dismissal of the action. *Id.* at ¶ 10.

{¶6} Mr. Wright's affidavit failed to include information that must be included, pursuant to R.C. 2969.25(A). Because Mr. Wright failed to comply with the mandatory requirements of R.C. 2969.25(A), this case is dismissed.

{¶7} Costs taxed to Mr. Wright. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

BETTY SUTTON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

RAMON J. WRIGHT, SR., Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.