[Cite as *State ex rel. Benton v. Walker*, 2025-Ohio-2755.]

STATE OF OHIO         )                          IN THE COURT OF APPEALS
                                 )ss:                    NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

WILLIE BENTON                                C.A. No. 31589

     Relator

     v.

JUDGE WALKER

                                           ORIGINAL ACTION IN
     Respondent                              MANDAMUS

Dated: August 6, 2025

PER CURIAM.

{¶1} Relator, Willie Benton, has petitioned this Court for a writ of mandamus to order Respondent, Judge Walker of the Akron Municipal Court, to docket and rule on a motion. Because Mr. Benton failed to comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this case.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee. Judge Walker is a government employee, and Mr. Benton, incarcerated in the Northeast Ohio Correctional Center, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6.

{¶3} Mr. Benton failed to pay the cost deposit, as required by this Court's Local Rules, or comply with R.C. 2969.25(C). This section requires an inmate who seeks a waiver of the

prepayment of the cost deposit to file specific, statutorily required, information. In this case, Mr. Benton neither paid the cost deposit nor sought a waiver of prepayment of the deposit. The Supreme Court has held that failure to pay the cost deposit, as required by the court's local rules, or seek a waiver supported by the statutorily mandated documents requires dismissal of the case. *Dunkle v. Hill*, 2021-Ohio-3835, ¶ 7. Accordingly this case must be dismissed.

{¶4} Because Mr. Benton failed to comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs taxed to Mr. Benton. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

WILLIE BENTON, Pro Se, Petitioner.