[Cite as *State ex rel. Tayse v. Summit Cty. Court of Common Pleas Gen. Div.*, 2025-Ohio-5403.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. JAMES
TAYSE

    Relator

    v.

SUMMIT COUNTY COURT OF
COMMON PLEAS GENERAL DIVISION

    Respondent

C.A. No.     31515

ORIGINAL ACTION IN PROHIBITION

Dated: December 3, 2025

PER CURIAM.

{¶1} Relator, James Tayse, has petitioned this Court for a writ of prohibition against Respondent, the Summit County Court of Common Pleas, General Division. The Summit County Court of Common Pleas has moved to dismiss the petition. Mr. Tayse has not responded. For the following reasons, this case must be dismissed.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The Summit County Court of Common Pleas is a government entity, and Mr. Tayse, incarcerated in the Southern Ohio Correctional Facility, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}  Mr. Tayse was required to file an affidavit of prior civil actions at the commencement of this action.  R.C. 2969.25(A).  The affidavit had to include a description of each civil action or appeal of a civil action that he has filed in the previous five years in any state or federal court.  For each action or appeal, the affidavit had to contain specific information:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶4}  Mr. Tayse included an affidavit of prior civil actions along with his petition.  The affidavit listed ten prior actions.  Yet, it did not include the case number for each action or the court in which each action or appeal was brought.  *See* R.C. 2969.24(A)(2).  Moreover, in its motion to dismiss, the Court of Common Pleas argues that Mr. Tayse's affidavit does not include every civil action he has filed in the last five years and does not include the names of each party involved in the actions he filed.  Mr. Tayse has not responded to the State's arguments.

{¶5}  "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action."  *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, citing *State v. Henton*, 2016-Ohio-1518, ¶ 3.  "Strict compliance with the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal."  *State ex rel.*

*Wright v. Callahan*, 2025-Ohio-2762, ¶ 5 (9th Dist.). Because Mr. Tayse failed to comply with the mandatory requirements of R.C. 2969.25(A), this case must be dismissed.

{¶6} Mr. Tayse also did not pay the cost deposit required by this Court's Local Rules. He did move to waive prepayment of the deposit, but his motion failed to comply with R.C. 2969.25(C). Specifically, the inmate account statement that he filed did not show the balance in his account "for *each* of the preceding six months . . . ." (Emphasis added.) R.C. 2969.25(C)(1). The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 8. "Noncompliance with the mandatory requirements of R.C. 2969.25 is fatal" to the action. *State ex rel. Swain v. Adult Parole Auth.*, 2017-Ohio-9175, ¶ 2. The Supreme Court has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *Roden* at ¶ 8.

{¶7} Finally, Mr. Tayse only listed one respondent in the case caption: the Summit County Court of Common Pleas, General Division. *See Greene v. Turner*, 2017-Ohio-8305, ¶ 8, citing Civ.R. 10(A) (petitioner must list proper parties and their addresses in case caption). The Ohio Supreme Court has held repeatedly that courts are not sui juris. *See, e.g., State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973); *Page v. Geauga Cnty. Prob. & Juvenile Court*, 2023-Ohio-2491, ¶ 3. This Court has reached the same conclusion. *See, e.g., Pamboukis v. Summit Cty. Domestic Relations Court*, 2023-Ohio-4507 (9th Dist.). "Because the complaint named only the Summit County Court of Common Pleas as a respondent, and the Common Pleas Court cannot be sued in its own right, this Court must grant the motion to dismiss." *Karmasu v. Summit Cty. Court of Common Pleas*, 2025-Ohio-1526, ¶ 7 (9th Dist.).

{¶8} This case is dismissed. Costs of this action are taxed to Mr. Tayse. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

 

 

SCOT A. STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES TAYSE, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.