[Cite as *Hussein v. Freeman*, 2025-Ohio-5698.]

STATE OF OHIO            )          IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN         )

SALEH M. HUSSEIN

    Relator

    v.                                  C.A. No.     25CA012285

JUDGE DONNA C. FREEMAN, et al.

    Respondents                         ORIGINAL ACTION IN HABEAS
                                             CORPUS

Dated:  December 22, 2025

---

PER CURIAM.

**{¶1}** Relator, Saleh Hussein, has petitioned this Court for a writ of habeas corpus seeking an order directing Respondents, Judge Freeman and Sheriff Jack Hall, to release him from custody. For the following reasons, this case must be dismissed.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The respondents, Judge Freeman and Sheriff Hall, are government employees, and Mr. Hussein is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}     When he filed his petition, Mr. Hussein did not pay the cost deposit required by this Court's Local Rules.  Nor did he move to waive prepayment of the cost deposit.  R.C. 2969.25(C).  Additionally, Mr. Hussein failed to file an affidavit containing "a description of each civil action or appeal of a civil action that [he] has filed in the previous five years in any state or federal court."  R.C. 2969.25(A).  Respondents moved to dismiss the petition based on Mr. Hussein's failure to comply with R.C. 2969.25.  Mr. Hussein then moved to supplement his filing with an affidavit of prior civil actions and proof that he has paid the cost deposit.

{¶4}     "The Supreme Court has held that failure to pay the cost deposit, as required by the court's local rules, or seek a waiver supported by the statutorily mandated documents requires dismissal of the case."  *Benton v. Walker*, 2025-Ohio-2755, ¶ 3 (9th Dist.).  Likewise, the Supreme Court has held that "[c]ompliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action."  *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3.  "Those requirements are mandatory at the time the action is filed."  *State ex rel. Feathers v. Pittman*, 2025-Ohio-3014, ¶ 27 (9th Dist.).  "[A]n inmate may not cure noncompliance with the filing requirements of R.C. 2969.25."  *State ex rel. Robinson v. Page*, 2025-Ohio-623, ¶ 8.

{¶5}     Because Mr. Hussein did not comply with the mandatory requirements of R.C. 2969.25 when he filed his petition, this case must be dismissed.  Moreover, dismissal is warranted due to Mr. Hussein's petition having been signed by a non-attorney.  Only a licensed attorney may represent or file documents on behalf of another party in most legal proceedings in the State of Ohio.  *See* R.C. 4705.01; *Union Sav. Ass'n v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60 (1970).  When a non-attorney engages in unauthorized practice of law by filing pleadings on behalf of another, the filings should be stricken, and the case should be dismissed.  *State v. Hussein*, 9th

Dist. Lorain No. 25CA012342 (Oct. 23, 2025), quoting *Lusk v. Crown Pointe Care Ctr.*, 2019-Ohio-1326, ¶ 12 (10th Dist.).

{¶6} The case is dismissed. Costs of this action are taxed to Mr. Hussein. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
SCOT A. STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

SALEH M. HUSSEIN, Pro Se, Relator.

ANTHONY CILLO, Prosecuting Attorney, and LEIGH S. PRUGH, Assistant Prosecuting Attorney, for Respondents.