**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mack v. Robinson*, Slip Opinion No. 2025-Ohio-5681.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5681

THE STATE EX REL. MACK, APPELLANT, *v.* ROBINSON, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mack v. Robinson*, Slip Opinion No. 2025-Ohio-5681.]**

*Mandamus—List of prior civil actions inmate filed with his complaint did not provide the name of each action, did not provide the name of each party to each action, and was not contained in an affidavit and therefore did not strictly comply with R.C. 2969.25(A)—Court of appeals' dismissal of complaint affirmed.*

(No. 2025-0647—Submitted September 16, 2025—Decided December 24, 2025.)

APPEAL from the Court of Appeals for Richland County, No. 2025 CA 0021.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, John H. Mack Jr., appeals the judgment of the Fifth District Court of Appeals dismissing the complaint for a writ of mandamus he filed against appellee, Richland County Court of Common Pleas Judge Brent N. Robinson. Mack requested a writ of mandamus to compel Judge Robinson to comply with the court of appeals' judgment in a separate appeal. The Fifth District sua sponte dismissed the complaint for noncompliance with R.C. 2969.25(A). Because Mack's writ complaint failed to strictly comply with the statute, we affirm.

## BACKGROUND

{¶ 2} Mack is an inmate at Allen-Oakwood Correctional Institution. In the complaint he filed in the Fifth District, he requested a writ of mandamus to compel Judge Robinson to comply with the court of appeals' judgment in a separate appeal brought by Mack. Mack attached to his complaint a list of prior civil actions as required by R.C. 2969.25(A). However, the list did not provide the name of each action, did not provide the name of each party to each action, and was not contained in an affidavit. Although Mack filed an affidavit verifying his complaint, the affidavit did not include or refer to the list of prior actions. The Fifth District sua sponte dismissed Mack's complaint for noncompliance with R.C. 2969.25(A) because he had failed to provide each case name and the name of each party to each of the listed actions.

{¶ 3} Mack has appealed to this court as of right.

## ANALYSIS

{¶ 4} An inmate who commences a civil action against a government entity or employee in a court of appeals must file an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). The affidavit must include (1) a brief description of the nature of each civil action or appeal, (2) the case name, the case number, and the court in which each action or appeal was brought, (3) the name of

each party to each action, and (4) the outcome of each action or appeal. *Id.* "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 2016-Ohio-1518, ¶ 3.

{¶ 5} The Fifth District dismissed Mack's complaint for noncompliance with R.C. 2969.25(A), finding that he had identified four civil actions but failed to identify each party to each case and failed to provide a case caption for some of the listed cases. On appeal, Mack does not challenge these conclusions. Rather, he contends that his list of prior civil actions "sufficiently" complied with R.C. 2969.25(A). He argues that the Fifth District "failed to utilize common reasoning in construing the totality of the information that was submitted." He further argues that the defects in his list of prior actions should be excused because "[i]t has long been a fundamental principle of judicial review in Ohio that courts should decide cases on their merits, not on minor or technical violations."

{¶ 6} Mack's argument lacks merit. As the Fifth District determined, Mack's list of prior civil actions did not contain all the information required by R.C. 2969.25(A). Moreover, the list did not satisfy the statutory requirement that it be contained within an affidavit. *See* R.C. 2969.25(A) ("the inmate shall file with the court an affidavit that contains a description of each civil action"). An affidavit is a written declaration made under oath. R.C. 2319.02. "'An affidavit must appear, on its face, to have been taken before the proper officer and in compliance with all legal requisites. A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit.'" *State ex rel. White v. Franklin Cty. Bd. of Elections*, 2020-Ohio-524, ¶ 13, quoting *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238 (1992) (purported affidavit omitting jurat of notary public or other official authorized to administer oath or affirmation was not an affidavit). Here, the list of prior actions Mack attached to his complaint was not signed and did not contain the jurat of a notary public or other proper officer. As such, it was not an

affidavit. *See White* at ¶ 13 (document bearing notary public's stamp but not signature and containing no jurat was not an affidavit).

**{¶ 7}** R.C. 2969.25(A) requires "strict compliance," regardless of the inmate's pro se status. *Henton*, 2016-Ohio-1518, at ¶ 4. The statute's requirements are mandatory and an inmate's failure to comply with them requires dismissal of the petition. *Id*. at ¶ 3. Because Mack's list of prior civil actions did not strictly comply with the statute, the Fifth District correctly dismissed his action.

## CONCLUSION

**{¶ 8}** We affirm the judgment of the Fifth District Court of Appeals dismissing Mack's complaint for a writ of mandamus.

Judgment affirmed.

_____

John H. Mack, Jr., pro se.

Jodie M. Schumacher, Richland County Prosecuting Attorney, and Michelle Fink, Assistant Prosecuting Attorney, for appellee.

_____