[Cite as *State ex rel. Price v. Spitler*, 2026-Ohio-982.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO EX REL. VINCENT
PRICE

    Relator

    v.

JUDGE COREY E. SPITLER

    Respondent

C.A. No.     25AP0060

ORIGINAL ACTION IN PROHIBITION

Dated:  March 23, 2026

PER CURIAM.

{¶1}    Relator, Vincent Price, has petitioned this Court for a writ of prohibition against Respondent, Judge Spitler.  Mr. Price seeks an order prohibiting Judge Spitler from resentencing him and directing the judge to vacate a prior sentencing judgment.  Mr. Price also seeks an alternative writ to secure a stay of the scheduled resentencing hearing.  For the following reasons, this case must be dismissed.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  Judge Spitler is a government employee, and Mr. Price, incarcerated in Grafton Correctional Institution, is an inmate.  R.C. 2969.21(C) and (D).  A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with

them subjects an inmate's action to dismissal."). "[A]n inmate may not cure noncompliance with the filing requirements of R.C. 2969.25." *State ex rel. Robinson v. Page*, 2025-Ohio-623, ¶ 8.

{¶3}   An inmate seeking the waiver of filing fees, as Mr. Price did in this case, must file an affidavit of indigency.  The affidavit must include:

> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier; [and]
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C)(1)-(2).  Although Mr. Price filed an affidavit in support of his fee waiver, he did not include an inmate account statement or a statement setting forth "all other cash and things of value" he owned at the time of his filing.  R.C. 2969.25(C)(2).  Accordingly, he failed to comply with the mandatory requirements of R.C. 2969.25(C).  *See Gilbert v. Ohio Parole Board*, 2024-Ohio-3353, ¶ 4-5 (9th Dist.).

{¶4}   An inmate who commences a civil action against a government employee also must file an affidavit of prior civil actions he "has filed in the previous five years in any state or federal court."  R.C. 2969.25(A).  For each civil action, the affidavit must include:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1)-(4).

At the time he filed his complaint, Mr. Price filed an affidavit of prior actions. His affidavit indicated that he had not filed any previous civil actions or appeals in the past five years. Three days later, however, he filed a second affidavit of prior actions. The second affidavit averred that, within the past five years, he had filed a mandamus action in the Ohio Supreme Court. It appears Mr. Price filed a second affidavit to correct the first affidavit he filed in support of his petition. Yet "an inmate must comply with the requirements of R.C. 2969.25 at the time of filing and later filings are not permitted to correct deficiencies." *State ex rel. Gordon v. Summit County Ct. of Common Pleas*, 2023-Ohio-4107, ¶ 5-8 (9th Dist.). Because Mr. Price failed to comply with the mandatory requirements of R.C. 2969.25(A) at the time he filed his petition, this case must be dismissed. *See State ex rel. Wright v. Callahan*, 2025-Ohio-2762, ¶ 5 (9th Dist.); *State ex rel. Townsend v. Spatny*, 2024-Ohio-5149, ¶ 4-6 (9th Dist.).

{¶5}    Mr. Price's petition is dismissed. Costs of this action are taxed to Mr. Price. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

SCOT A. STEVENSON
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

VINCENT PRICE, Pro Se, Relator.

ANGELA WYPASEK, Prosecuting Attorney, and THOMAS M. McCARTY, Assistant Prosecuting Attorney, for Respondent.