**[Cite as *State ex rel. Curley v. Galonski*, 2025-Ohio-5770.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. RICHARD
CURLEY

    Relator

    v.

TAVIA GALONSKI, CLERK OF COURTS

    Respondent

C.A. No.      31556

ORIGINAL ACTION IN MANDAMUS

Dated: December 26, 2025

PER CURIAM.

**{¶1}** Relator, Richard Curley, has petitioned this Court for a writ of mandamus against Respondent, Tavia Galonski in her capacity as the Clerk of Courts. Ms. Galonski has moved to dismiss the petition. For the following reasons, this case must be dismissed.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Ms. Galonski is a government employee, and Mr. Curley, incarcerated in Marion Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} An inmate seeking the waiver of filing fees, as Mr. Curley did in this case, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Ohio Supreme Court has construed these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). (Emphasis in original.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 6.

{¶4} Mr. Curley filed this case on June 20, 2025. Although he included a monthly balance for his inmate account, the financial certificate he filed provided an account balance for each month between January and June 2025. R.C. 2969.25(C)(1) requires a balance for each of the six months *preceding* the filing of an inmate's petition. *Id.* Accordingly, Mr. Curley had to provide a balance for each month between December 2024 and May 2025. The Supreme Court has held that the failure to provide a statement that covers the six-month period immediately prior to the filing of the action does not comply with R.C. 2969.25(C)(1). *Russell v. Duffey*, 2015-Ohio-1358, ¶ 12. Because Mr. Curley's financial certificate does not comply with the mandatory requirements of R.C. 2969.25(C)(1), we must dismiss his petition.

{¶5} Mr. Curley's petition is dismissed. Costs of this action are taxed to Mr. Curley. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

SCOT A. STEVENSON
FOR THE COURT

HENSAL, J.
<u>CONCUR.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>

{¶6} I would dismiss Mr. Curley's petition on the basis of mootness. As such, I concur in judgment only.


<u>APPEARANCES:</u>

RICHARD CURLEY, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and TANIA T. NEMER, Assistant Prosecuting Attorney, for Respondent.