[Cite as *State ex rel. Powe v. McCarty*, 2026-Ohio-2285.]

STATE OF OHIO      )
                    )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO EX REL. KAHLYL
MARSHAWN POWE

    Relator

    v.

JUDGE ALISON MCCARTY

    Respondent

C.A. No. 31965

ORIGINAL ACTION IN
PROCEDENDO

Dated: June 17, 2026

PER CURIAM.

{¶1}  Relator, Kahlyl Marshawn Powe, has petitioned this Court for a writ of procedendo. Because Mr. Powe did not comply with the mandatory requirements of R.C. 2969.25(A), this Court must dismiss this action.

{¶2}  R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  Judge McCarty is a government employee, and Mr. Powe, incarcerated in the Trumbull Correctional Institution, is an inmate.  R.C. 2969.21(C) and (D).  A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} R.C. 2969.25(A) requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. For each action or appeal, the affidavit must contain specific information that includes "[a] brief description of the nature of the civil action or appeal. . . ." R.C. 2969.25(A)(1). In addition, the affidavit must include:

> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(2) through (4).

{¶4} Mr. Powe filed an affidavit of prior civil actions along with his complaint. In his affidavit, he averred that he had filed one civil action in the last five years: "a 42 U.S.C. § 1983 Civil Complaint in the U.S. District Court for the Northern District of Ohio in Case no. 5:25-cv-00614, *Kahlyl Marshawn Powe v. Deputy Thomas Finnel*, et al." Mr. Powe did not, however, provide a "brief description of the nature of the civil action" as required by R.C. 2969.25(A). *See State ex rel. Parker-Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 15 (concluding that "relater appealed a decision . . . that originated in the court of claims" did not comply with R.C. 2969.25(A)(1)); *State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 12 (concluding that listing a "mandamus action" did not describe "the nature of the case" for purposes of R.C. 2969.25(A)(1)).

{¶5} Mr. Powe's affidavit was therefore deficient. "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3. In other words, strict compliance with the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2023-Ohio-4107, ¶ 6 (9th Dist.). Because Mr. Powe failed to comply with the mandatory requirements of R.C. 2969.25(A), this case is dismissed.

{¶6} Costs taxed to Mr. Powe. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

 

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

KAHLYL MARSHAWN POWE, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, for Respondent.